IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL R. BURDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-11-1398-F |
| | ) |
| MIKE MULLIN, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Mr. Michael Burden pled guilty and obtained a conviction in an Oklahoma court on a charge of drug trafficking. He seeks a writ of habeas corpus on grounds that he had not been told about his right to appeal or the need to serve 85% of his sentence before he became eligible for parole or earned credits. The habeas claim is subject to a procedural default, and the federal district court should deny relief.

Mr. Burden did not move for withdrawal of the guilty plea or file a *certiorari* appeal. Instead, he filed an application for post-conviction relief. When the application was denied, he appealed but failed to attach the district court's order as required by Rule 5.2(C)(2) of the Rules of the Oklahoma Court of Criminal Appeals.[1] This omission led the court to dismiss the appeal.[2]

---

[1] *Burden v. State*, Case No. CF-2009-1183 (Okla. Co. Dist. Ct. July 28, 2011) (state district court's denial of post-conviction relief); Petition in Error, *Burden v. State*, Case No. PC-2011-815 (Okla. Crim. App. Sept. 12, 2011).

[2] *Burden v. State*, Case No. PC-2011-815 (Okla. Crim. App. Sept. 26, 2011).

Habeas relief is ordinarily prohibited if the same claim was procedurally barred in state court on an independent and adequate state procedural ground.[3] The ground is considered "independent" if it relies on state law rather than federal law.[4] For the state ground to be "adequate," it must be "'strictly or regularly followed'" and "applied 'evenhandedly to all similar claims.'"[5] If the ground is "independent" and "adequate," the petitioner can avoid a procedural default by demonstrating:

- "cause for the default and actual prejudice as a result of the alleged violation of federal law," or

- the existence of "a fundamental miscarriage of justice" if the court were to avoid the merits.[6]

The state appeals court dismissed the post-conviction appeal based on a failure to attach the state district court's order, as required by Rule 5.2(C)(2) of the Rules of the Oklahoma Court of Criminal Appeals.[7] The Tenth Circuit Court of Appeals has held that a failure to attach a certified copy of the state district court's order, as required by Rule 5.2(C)(2), constitutes an independent and adequate state procedural ground for default.[8] As a result, the Court should decline consideration of the merits unless the Petitioner can show

---

[3]   *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

[4]   *See English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).

[5]   *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (citations omitted).

[6]   *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[7]   *See supra* p. 1.

[8]   *Johnson v. Champion,* 288 F.3d 1215, 1227 n.3 (10th Cir. 2002).

either: (1) cause and prejudice to excuse the procedural default, or (2) a fundamental miscarriage of justice.[9] Mr. Burden has not suggested any facts that would constitute cause, prejudice, or a fundamental miscarriage of justice. As a result, the habeas claim is procedurally barred and the Court should deny relief.

The Petitioner can object to this report.[10] To do so, Mr. Burden must file an objection with the Clerk of this Court. The deadline for objections is March 26, 2012.[11] The failure to timely object would foreclose appellate review of the suggested ruling.[12]

The referral is discharged.

Entered this 7th day of March, 2012.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[9] *See supra* p. 2.

[10] *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.).

[11] *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d); 28 U.S.C. § 636(b)(1) (2011 supp.).

[12] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).